IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Preston Fayne,       Case No. 3:11 CV 2115

     Plaintiff,      MEMORANDUM OPINION
     AND ORDER

-vs-

     JUDGE JACK ZOUHARY

Keith Smith,

     Defendant.

## INTRODUCTION

*Pro se* Plaintiff Preston Fayne filed this action against Toledo Correctional Institution ("ToCI") Warden Keith Smith. Plaintiff claims the prison Health Care Administrator is requiring him to purchase Fibercon from the prison commissary, rather than issuing it to him without cost through the prison's infirmary. He seeks injunctive and monetary relief.

## BACKGROUND

Plaintiff was diagnosed with diverticulosis in 2005 while incarcerated at the Ohio State Penitentiary (Doc. No. 1 at 4). At that time, doctors at the Ohio State Medical Center recommended he take fiber supplements to prevent intestinal infections (Doc. No. 1 at 4). Plaintiff was transferred to ToCI in February 2011. Dr. Ahmed reviewed his medical chart and prescribed Fibercon tablets -- a fiber supplement -- to be taken two times per day (Doc. No. 1 at 4). Plaintiff was issued 30-day prescriptions of 120 tablets until June 2011, when Dr. Ahmed told him he could only issue 30 pills every 90 days due to State budget cuts (Doc. Nos. 1 at 4; 1-1 at 6). Dr. Ahmed told Plaintiff he would be required to purchase additional pills from the prison commissary if he required them (Doc.

No. 1 at 4). Because Plaintiff takes the fiber supplements for a specified medical condition, Dr. Ahmed and Nurse Practitioner Lanham asked the Health Care Administrator to exempt Plaintiff from this policy. The request was denied (Doc. No. 1 at 4).

Plaintiff contends he cannot afford to purchase Fibercon from the commissary because he only receives $15 each month from the State (Doc. No. 1 at 4). From this amount, Plaintiff must pay an allotment toward the fine imposed in his criminal case, and must also purchase personal hygiene items (Doc. No. 1 at 4). Because Plaintiff cannot afford to buy both the fiber supplements and his required hygiene products, he has not purchased the Fibercon tablets (Doc. No. 1 at 4). According to Plaintiff, he has begun to experience symptoms associated with diverticulosis. He argues he is entitled to have Fibercon supplied to him at no cost (Doc. No. 1 at 5).

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff is not

2

required to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 555). A pleading offering legal conclusions or a simple recitation of the elements of a cause of action will not meet this standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### ANALYSIS

As an initial matter, Plaintiff does not specify the legal cause of action he is asserting in this action. Because Plaintiff contends he is not receiving medication to which he feels he is entitled, this Court liberally construes his Complaint as asserting an Eighth Amendment violation.

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In *Wilson v. Seiter*, the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991).

First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). Second, Plaintiff must establish a subjective element demonstrating the prison officials acted with a sufficiently culpable state of mind to cause the deprivation. *Id.* To meet this standard, the official must act with "deliberate indifference," which is characterized by obduracy or wantonness -- the actions cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

3

First, Plaintiff fails to allege facts showing a sufficiently serious deprivation occurred. He states Dr. Ahmed is permitted to issue 30 fiber supplement pills every 90 days, but any remaining pills must be purchased from the prison commissary. Plaintiff objects to purchasing additional supplements because it will limit his ability to purchase hygiene items.

In reviewing the appeal of his grievance, the Chief Medical Inspector responded to his concerns by stating:

> I reviewed your commissary purchases for the past 90 days and find that you spent $43.62. The only item I find that deals with hygiene products is a purchase for toothpaste costing $1.12. The rest of the funds were available to purchase fiber laxative from the commissary at $4.47/60 tablets or stool softeners at $2.15/100 tablets.

(Doc. No. 1-1 at 1). The Eighth Amendment does not guarantee prisoners unlimited access to the medical treatment of their choice, nor does it require medical care to be given free of charge if the inmate cannot afford it. *See Reynolds v. Wagner*, 128 F.3d 166, 173–75 (3d Cir. 1997). Plaintiff does not qualify as an indigent inmate (Doc. No. 1 at 4). Although he must make choices or limit his purchases, he is not being deprived of appropriate medical care in violation of the Eighth Amendment.

Second, Plaintiff has not alleged Defendant was deliberately indifferent to his serious medical needs. There are no allegations suggesting Defendant was aware of Plaintiff's need for fiber supplements or his concern for his financial ability to purchase them from the commissary. The subjective component of an Eighth Amendment claim requires Plaintiff to show Defendant knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302–03. To meet this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff has not alleged Defendant knew of his health concerns and therefore, has not satisfied the subjective component of his Eighth Amendment claim.

4

If Plaintiff intended to assert a claim other than one arising under the Eighth Amendment, he failed to do so. It is Plaintiff's obligation to provide sufficient indication of the grounds entitling him to relief. *Twombly*, 550 U.S. at 564. The duty to be less stringent with a *pro se* Complaint does not require this Court to conjure up unpled allegations or to create a claim for Plaintiff. *Id.* This would require this Court "to explore exhaustively all potential claims of a *pro se* Plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). It also places an unfair burden on Defendant to speculate on the potential claims Plaintiff may be raising against him. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Even liberally construed, the Complaint contains no other claim which meets the basic pleading requirements of Federal Civil Rule 8.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to Section 1915(e). Furthermore, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

February 22, 2012